UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JONATHAN CLAUDIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-CV-0397-CVE-SH |
| | ) |
| MICHAEL SNYDER et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the Court are plaintiff's complaint (Dkt. # 1) and plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2). On September 14, 2023, plaintiff Jonathan Claudio filed a pro se complaint and a motion to proceed in forma pauperis. In reliance upon the representations and information set forth in plaintiff's motion for leave to proceed in forma pauperis, the Court finds that the motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because authorization to proceed in forma pauperis excuses only prepayment of the fee, plaintiff remains obligated to pay the full $350 filing fee when he is able to do so. See Brown v. Eppler, 725 F.3d 1221, 1230-31 (10th Cir. 2013) (noting that obligation to pay full amount of filing fee extends to all litigants who proceed in forma pauperis because "all § 1915(a) does for a litigant is excuse *pre*-payment of fees"). Because the Court authorizes plaintiff to proceed without prepayment, he is not required to pay the $52 administrative fee.

Plaintiff is proceeding pro se and he alleges that he was arrested without probable cause in an incident that took place on November 27, 2018. Dkt. # 1, at 8-9. He also claims that he was beaten by detention officers after was he was arrested, and he claims that he suffered physical and

mental injuries as a result of the incident. Id. at 10-11. Plaintiff has previously filed two other cases which have been dismissed. In the first case, plaintiff claims that he was placed in administrative segregation at the David L. Moss Criminal Justice Center after he was arrested on November 27, 2018. Jonathan Claudio v. FNU LNU et al., 20-CV-640-CVE-JFJ (N.D. Okla.). The case was dismissed for lack of prosecution. Plaintiff filed a second case in which he asserted that he had been arrested without probable cause on November 27, 2018. Jonathan Claudio v. Destiny Wilkinson et al., 23-CV-084-GKF-JFJ (N.D. Okla.). The second case was also dismissed for lack of prosecution. Plaintiff alleges the same claims in this case, and has simply re-filed his complaints from his previous cases as a single complaint. Plaintiff seeks $10 million in damages from each defendant named in the complaint.

Plaintiff has obtained leave to proceed in forma pauperis and the requirements of 28 U.S.C. § 1915 are applicable. See Lister v. Dep't of Treasury, 408 F.3d 1309 (10th Cir. 2005). Section 1915(e)(2) requires a district court to dismiss a case if at any time the court determines that "the action . . .(i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted." A court reviewing a pro se plaintiff's complaint must broadly construe the allegations of the complaint to determine if the plaintiff can state a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A

reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Bell Atlantic Corp. v.Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The Court has reviewed plaintiff's complaint and he is attempting to allege claims against defendants under 42 U.S.C. § 1983. The statute of limitations for § 1983 claims is borrowed from state law. Lawson v. Okmulgee Cty. Criminal Justice Auth., 726 Fed. App'x 685, 690 (10th Cir. 2018) ("Because there is no applicable federal statute of limitations relating to civil rights actions brought under section 1983, we borrow the limitations period for such claims from the state where the cause of action arose").[1] The Tenth Circuit has held that a two-year statute of limitations applies under Oklahoma law. See id. Plaintiff alleges that his injury occurred on November 27, 2018. Dkt. # 1, at 8. He filed his complaint on September 14, 2023, well outside the two-year statute of limitations period, and plaintiff's allegations do not suggest any basis under Oklahoma law for tolling the statute of limitations. See Weathers v. Fulgenzi, 884 P.2d 538, 541 (Okla. 1994) (statute of limitations begins to run under Oklahoma law on the date a reasonable person would have known of his injuries and that he could bring a claim against the responsible parties); Baker v. Ward, 2020

---

[1] Unpublished decisions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1

WL 4756781 (W.D. Okla. Aug. 17, 2020) (applying Oklahoma law to determine start date and possible tolling of the statute of limitations for a § 1983 claim). Plaintiff was plainly aware as of November 27, 2018 that he had allegedly suffered injuries that would give rise to a claim against the defendants, and he has not alleged that there was any legal impediment preventing him from bringing his claims within two years. The Court finds that plaintiff's claims are clearly barred by the statute of limitations and his complaint (Dkt. # 1) should be dismissed pursuant to § 1915(e).

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** for failure to state a claim. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **granted**.

**DATED** this 13th day of October, 2023.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE